<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHEN LEONARD GUARDINO JR., <br><br> Plaintiff, <br><br> v. <br><br> MANCHESTER TOWNSHIP NEW JERSEY, <br><br> Defendant. | Civil Action No. 26-4613 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on *pro se* Plaintiff Stephen Leonard Guardino Jr.'s ("Plaintiff") civil rights complaint (ECF No. 1) and subsequent application to proceed *in forma pauperis* (ECF No. 4). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed without prejudice for failure to state claim upon which relief may be granted.

**I.      BACKGROUND**

Plaintiff is an individual who resides in Toms River, New Jersey. (Compl. 2, ECF No. 1.) Plaintiff alleges that on January 8, 2026, at approximately 11:00 a.m., police officers of Manchester Township ("Defendant") "authorized[] or caused to be entered an official police report concerning Plaintiff[.]" (*Id.* at 4.) According to Plaintiff, the official report included false allegations. (*Id.*)

Based on the police report, Plaintiff was involuntarily admitted for a psychiatric evaluation. (*Id.*) Without his consent, Plaintiff was "subjected to evaluation and detention based on information provided by Defendant which . . . was knowingly false." (*Id.*) This incident caused Plaintiff "emotional distress, humiliation, [and] reputational damage . . . ." (*Id.*) As a result, Plaintiff brings this suit against Defendant and seeks compensatory and punitive damages, as well as a declaratory judgment and permanent injunctive relief. (*Id.* at 5.)

## II.    **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1], a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

2

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,]'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 557 (2007) (second alteration in original)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

Plaintiff alleges that Defendant violated his First, Fourth, and Fourteenth Amendment rights. (*See* Compl. 3.) The Court considers whether Plaintiff has adequately alleged a claim for any such constitutional violation.

Section 1983 permits a plaintiff to bring claims of constitutional violations by state officials to federal court. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*,

3

487 U.S. 42, 48 (1988). "A public entity . . . may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." *Reitz v. County of Bucks*, 125 F.3d 139, 144 (3d Cir. 1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

"To plead a municipal liability claim [pursuant to *Monell*], a plaintiff must allege that 'a [local] government's policy or custom . . . inflict[ed] the injury' in question." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (second, third, and fourth alterations in original) (citation omitted). "To satisfy the pleading standard, [the plaintiff] must [not only] identify a custom or policy, [but also] specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Furthermore, "[a]lthough a policy or custom is necessary to plead a municipal [liability] claim, it is not sufficient to survive a motion to dismiss. A plaintiff must also allege that a policy or custom was the 'proximate cause' of his injuries." *Est. of Roman*, 914 F.3d at 798 (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). "To meet this burden, a plaintiff may allege facts of an affirmative link between the policy or custom and the particular constitutional violation []he alleges." *Sciabica v. Marlboro Twp. Pub. Schs.*, No. 25-17223, 2026 WL 1803261, at *5 (D.N.J. June 23, 2026) (quoting *Est. of Roman*, 914 F.3d at 798); *see Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). Under certain circumstances, municipal liability may be imposed for a single decision by municipal policymakers. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

Here, Plaintiff only brings his claims against Defendant, a township. (*See generally* Compl.) Plaintiff alleges certain Constitutional rights violations but fails to allege any facts regarding the existence or implementation of any particular policies or customs that caused the

4

alleged injuries. (*See generally id.*) Rather, Plaintiff alleges that Defendant's police officers (who are not named as defendants in this matter) "act[ed] under color of law" in detaining and transporting Plaintiff to Toms River Police Department for an involuntary psychiatric evaluation. (*Id.* at 4.) The Complaint does not otherwise allege improper psychiatric detainment or evaluation procedures enacted by Defendant, nor does it mention any of Defendant's policies pertaining to law enforcement generally. (*See generally id.*)

Without more, the Court finds that Plaintiff has failed to state a claim against Defendant pursuant to 42 U.S.C. § 1983.[2] The Court, therefore, dismisses the Complaint for failure to state a claim upon which relief can be granted.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED:    7/20/26

---

[2] To the extent Plaintiff attempts to allege a claim for reputational harm, often referred to as a "stigma-plus" claim, pursuant to § 1983, such an attempt must also fail. *See D&D Assocs., Inc. v. Bd. of Educ.*, 552 F. App'x 110, 113 (3d Cir. 2014) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)). To assert such a claim, a plaintiff must allege both a stigma to his reputation and deprivation of some additional right or interest. *See Dondero v. Lower Milford Township*, 5 F.4th 355, 360 (3d Cir. 2011). Here, Plaintiff does not specify the reputational harm incurred (beyond generally alleging "emotional distress, humiliation, [and] reputational damage . . . ." (Compl. 4)) or allege the deprivation of a recognized right, (*see generally* Compl.); *see also Good v. City of Sunbury*, 352 F. App'x 688, 691 (3d Cir. 2009) (holding that a plaintiff who alleged emotional injury "has not suffered a deprivation beyond the injury to his reputation [and therefore] has not pleaded a valid [stigma-plus] claim based on a violation of his liberty interests" (first alteration in original) (quoting *Kelly v. Borough of Sayreville*, 107 F.3d 1073, 1078 (3d Cir. 1997))).